UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARLIN BRANDT POHLMAN,            )
                                  )   3: 14-cv-01483-PK
        Plaintiff,                )
                                  )
    v.                            )
                                  )
KEVIN HORMANN, et al.,            )   ORDER
                                  )
        Defendants.               )

BROWN, District Judge.

### Motion for Temporary Restraingin Order [3]

Plaintiff moves the Court for a temporary restraining order directing defendants to: (1) enter a sedentary work restriction entry for him in the Corrections Information System; (2) enter a bottom tier bunk entry for him in the Corrections Information System; (3) provide accommodations consistent with the Americans with Disabilities Act in all work assignments; (4) transfer him to an institution consistent with his medical, program and custody

1 - ORDER

level; (5) upon transfer, enter a keep at current location entry in the Corrections Information System; and (6) restore his regular access to prison legal resources, library access and correspondence. Motion for Temporary Restraining Order [3].

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests.[1] Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief. *Burlington N.R.R. v. Department of Revenue*, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required

---

[1] Notably, the standards for issuance of a temporary restraining order are at least as exacting as those for a preliminary injunction. *Los Angeles Unified Sch. Dist. v. United States Dist. Court for the Cent. Dist. of Cal.*, 650 F.2d 1004, 1008 (9th Cir. 1981).

2 - ORDER

degree of irreparable harm increases as the probability of success decreases." *Prudential Real Estate Affiliates v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000).

As set forth in plaintiff's own Declaration [4] at 2, medical personnel saw him for his April 2014 injuries. Ultimately they determined work restrictions were not medically warranted, though it appears a temporary lower tier bunk restriction was ordered. In addition, staff at Snake River Correctional Institution reported plaintiff's "transport order stated [he] had requested transfer to a facility with a higher level law library due to legal work." *Id.* At 3. While plaintiff denies this assertion, insisting he only requested more time in the Deer River Correctional Institution law library, the Court denies plaintiff's motion for injunctive relief on the basis that he has failed to demonstrate a likelihood of success on the merits. *Winter v. Natural Res. Def. Council, Inc*, 129 S.Ct. 365, 374 (2008)(plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits).

Moreover, the Court's review of plaintiff's Complaint reveals that in addition to money damages, he is seeking the exact same relief he seeks in his motion for injunctive relief. *See* Complaint [2] at 7. Ordinarily, a preliminary injunction maintains the status quo pending a final decision on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Plaintiff is asking the Court to alter the status quo by granting him, before trial,

3 - ORDER

the very relief he hopes to obtain through this action. Such a "mandatory injunction," as it is known, is granted only in extraordinary circumstances. *See LGS Architects, Inc. V. Concordia Homes of Nevada*, 434 F.3d 1150, 1158 (9th Cir. 2006); *Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)(mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored).

## CONCLUSION

Based on the foregoing, plaintiff's Motion for Preliminary Injunction [15] is DENIED.

DATED this 20th day of October, 2014.

                                    Anna J. Brown
                                    United States District Judge

4 - ORDER