UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARLIN BRANDT POHLMAN,                     3:  14-cv-01483-PK

        Plaintiff,                      ORDER

   v.

HORMANN, et al.,

        Defendants.

PAPAK, Magistrate Judge.

Defendants in this prisoner civil rights action move the Court to stay discovery and to stay all pending deadlines until the Court has resolved their motion for partial summary judgment wherein they assert plaintiff failed to exhaust administrative remedies prior to filing suit as to all but two claims[1], including the new claims set

---

[1] Defendants concede plaintiff exhausted the following claims: (1) Defendant J. Smith, Security officer failed to obtain medical attention for plaintiff on April 27, 2014, despite plaintiff's repeated complaints about injuries he sustained after a fall; and (2) Defendants C. DiGulio, Medical Officer and D. Fuzi, Medical Supervisor denied plaintiff's request for a low bunk restriction and a work restriction.

1 - ORDER

forth in plaintiff's proposed amended complaint attached to his Motion for Leave to File an Amended Complaint. Defendants maintain staying discovery is appropriate here because, should the Court grant their motion, it will considerably narrow the issues for the Court's consideration and streamline the discovery process. Plaintiff opposes defendants' motion.

A district court has broad discretion to stay discovery pending disposition of a dispositive motion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court has reviewed plaintiff's discovery requests and has determined that such requests are unrelated to the question of whether plaintiff properly exhausted his administrative remedies prior to filing suit. In addition, the Court finds defendants' argument that several of plaintiff's other pending motions may be resolved in all or in part by the Court's ruling on defendants' motion for partial summary judgment. Finally, given the prospect that this case may be narrowed down to examination of two discreet claims, the Court concludes that staying all other pending deadlines until defendants' motion is resolved is the most efficient course.

## CONCLUSION

Based on the foregoing, defendants' Motion to Stay Discovery and for a Stay of Pending Deadlines [59] is GRANTED. Plaintiff's Motion for Leave to File an Amended Complaint [37]; Motions to Compel [38], [56], [57], [63] & [64]; and Motions to Add

Supplemental Parties and Motions for Joinder [52] & [53] are STAYED pending resolution of defendants' Partial Motion for Summary Judgment [60]. In addition, deadlines for defendants' to respond to plaintiff's various summary judgment motions [39], [40] & [41] are STAYED pending resolution of defendants' Motion and plaintiff's Motion for Extension of Time [64] to complete discovery is GRANTED to the extent the deadline is STAYED. Plaintiff's Second and Third Motions for Appointment of Counsel [55] & [64] are DENIED for the reasons set forth in the Court's prior Order [10]. Finally, plaintiff is reminded that his response to defendants' Partial Motion for Summary Judgment is due by June 15, 2015.

    IT IS SO ORDERED.

    DATED this 22nd day of May, 2015.

                                               /s/ Paul Papak
                                               Paul Papak
                                               United States Magistrate Judge