IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARLIN BRANDT POHLMAN,

    Plaintiff,

v.

KEVIN HORMANN, COLLETT PETERS,
R. LADEBY, C. COLEMAN,
W. BAYSINGER, C. OLSON, C. DIGULIO,
D. FUZI, J. SMITH,

    Defendants.

3:14-cv-1483-PK

OPINION AND ORDER TO SHOW CAUSE

PAPAK, Magistrate Judge:

Plaintiff *pro se* Marlin Brandt Pohlman filed this action on September 17, 2014 against defendants Kevin Hormann, Colette Peters, R. Ladeby, C. Coleman, W. Baysinger, C. Olson, C. DiGulio, D. Fuzi, and J. Smith. This court has federal-question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. Now before the court is Plaintiff's Motion for Reconsideration (#76) ("Plaintiff's Motion"). Plaintiff contends the court erred in its August 4, 2015 Order (#72) granting, in part, Defendants' Motion for Partial Summary Judgment (#60) and Ordering Plaintiff to strike Claim 1 from his Proposed Amended Complaint (#37-1). For the reasons provided below, Plaintiff's Motion is granted in part and denied in part.

ORDER Page | 1

## BACKGROUND

By and through his Complaint (#2), Plaintiff alleges the liability of each defendant under 42 U.S.C. § 1983 for violations of his First, Fifth, Eighth, and Fourteenth Amendment rights. On February 25, 2015, Plaintiff filed a Motion for Leave to File an Amended Complaint (#37) and a Proposed Amended Complaint (#37-1) naming new defendants and asserting new claims. While Plaintiff's Motion for Leave to File an Amended Complaint was still under advisement, Defendants moved for partial summary judgment (#60) on the grounds that Plaintiff failed to exhaust his administrative remedies. Defendants' Motion for Partial Summary Judgment included a request for summary judgment on all of the new claims in Plaintiff's Proposed Amended Complaint. *See* Defs.' Mot. Partial Summ. J. 5.

The court granted Defendants' Motion for Partial Summary Judgment in part and denied it in part. *See* August 4, 2015 Opinion and Order 17 [hereinafter Order]. The court entered summary judgment in favor of defendants Hormann, Peters, Ladeby, Coleman, Baysinger, and Olson on Claims 3 and 4 of Plaintiff's Complaint. Order 18-19. The court also entered summary judgment in favor of Defendants on the portions Plaintiff's Proposed Amended Complaint that alleged new facts and new theories of liability in support of claims that predated the filing of Plaintiff's initial Complaint. Order 18. The court then ordered Plaintiff to strike Claim 1 from his Proposed Amended Complaint, finding that Plaintiff had failed to exhaust his administrative remedies with respect to the events underlying that claim. Order 18-19.

## DISCUSSION

Plaintiff contends the court erred in its August 4, 2015 Order to the extent that Order granted Defendant's Motion for Partial Summary Judgment. Plaintiff argues that he adequately exhausted his administrative remedies with respect to all of his claims. Pl.'s Mot. for

Reconsideration 4. Plaintiff further contends the court misconstrued Claim 1 of his Complaint and therefore failed to consider whether he exhausted his administrative remedies in relation to the events underlying that claim.[1]

Plaintiff's Complaint is not a model of clarity. However, even under the most liberal reading of the Complaint, Plaintiff clearly failed to exhaust his administrative remedies with respect to Claims 3 and 4. Therefore Plaintiff's Motion is denied to the extent it challenges the court's grant of summary judgment on those claims.

In adjudicating Defendants' Motion for Partial Summary Judgment, the court construed Claim 1 of Plaintiff's Complaint as merely alleging an April 25, 2014 injury that provides the factual basis for his remaining claims. The court recognizes that it has "an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (citing *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.1984)). With this obligation in mind, the court grants Plaintiff's Motion for Reconsideration to the extent it challenges the court's construction of Claim 1. The court now construes Claim 1 as alleging the liability of Officer Wilber and Officer Harris for Plaintiff's April 25, 2014 injury.

Officer Wilber and Officer Harris have not been properly joined as defendants in this suit. However, Plaintiff's April 25, 2014 injury is inextricably intertwined with all of Plaintiff's claims for relief. Defendants therefore submitted a detailed record of Plaintiff's administrative grievances regarding his April 25, 2014 injury in support of their Motion for Partial Summary Judgment. From this documentary evidence, it appears that Plaintiff failed to properly exhaust

---

[1] Plaintiff's Motion is somewhat ambiguous on this point, but the court has a duty to construe *pro se* motions liberally. *See, e.g., Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (citation omitted) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

his administrative remedies with respect to his April 25, 2014 injury. Therefore, the court orders Plaintiff to show cause why Claim 1—alleging the liability of Officers Wilber and Harris for Plaintiff's April 25, 2014 injury—should not be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion (#76) is GRANTED in part and DENIED in part. Plaintiff's Motion is GRANTED to the extent it requests the court to reconsider its construction of Claim 1 and its related order requiring Plaintiff to strike Claim 1. The court now construes Claim 1 as alleging the liability of Officers Wilber and Harris for Plaintiff's April 25, 2014 injury and ORDERS plaintiff to show cause why that claim should not be dismissed for failure to exhaust administrative remedies. Plaintiff has thirty (30) days from the date of this Order to submit documentary evidence showing he properly exhausted his administrative remedies regarding his April 25, 2014 Injury.

Plaintiff's Motion (#76) is DENIED to the extent it challenges any aspect to the court's August 4, 2014 Order other than the court's construction of Claim 1 and related order requiring Plaintiff to strike Claim 1. Plaintiff's Second Motion for Reconsideration (#79) is mooted by this Order and is therefore DENIED as well.

//

//

//

//

//

//

The following motions are STAYED pending resolution of whether Claim 1 must be dismissed for failure to exhaust administrative remedies: Plaintiff's Motions to Compel: (#38), (#56), (#57), (#63), (#64); Plaintiffs Motions to Add Supplemental Parties and Motions for Joinder (#52), (#53); Plaintiff's Summary Judgment Motions (#39, #40, #41); Plaintiff's Motion for Appointment of Counsel (#88); and Plaintiff's Motion for a Preliminary Injunction (#89). Additionally, the deadline for Defendants to file an Answer to Plaintiff's Second Amended Complaint (#87) is also STAYED.

Dated this 30th Day of September, 2015.

Honorable Paul Papak
United States Magistrate Judge