IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARLIN BRANDT POHLMAN,

    Plaintiff,

v.

KEVIN HORMANN, COLLETT PETERS,
R. LADEBY, C. COLEMAN,
W. BAYSINGER, C. OLSON, C. DIGULIO,
D. FUZI, J. SMITH,

    Defendants.

3:14-cv-1483-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

Plaintiff Marlin Brandt Pohlman filed this *pro se* action *in forma pauperis* on September 17, 2014. This court has federal-question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. On August 4, 2015, I entered an Order (#72) granting in part and denying in part Defendants' Motion for Partial Summary Judgment (#60) and ordering Plaintiff to strike Claim 1 from his Proposed Amended Complaint (#37-1). Plaintiff subsequently filed a Second Amended Complaint (#87) and a Motion for Reconsideration (#76) of the court's August 4, 2015 Order.

On September 30, 2015 I entered an Order (#92) granting in part and denying in part Plaintiff's Motion for Reconsideration and directing Plaintiff to show cause why Claim 1 of his Proposed Amended Complaint (#37-1) should not be dismissed for failure to exhaust administrative remedies. Now before the court is Plaintiff's Response (#94, #95) to the Order to Show Cause. For the reasons provided below, Plaintiff has failed to show that Claim 1 of his

OPINION AND ORDER PAGE | 1

Proposed Amended Complaint should not be dismissed for failure to exhaust administrative remedies. Consequently, Claim 1 is dismissed.

## DISCUSSION

In light of my duty to liberally construe *pro se* filings, I now construe Claim 1 of Plaintiff's Proposed Amended Complaint as alleging the liability of Officers Wilber and Harris for Plaintiff's April 25, 2014 injury. *See* September 30, 2015 Order (#92); *see also* Plf.'s Resp. to Order to Show Cause 2 (#95) (alleging the negligence of Officers Wilber and Harris in relation to Plaintiff's injury).[1] However, Plaintiff has failed to show that he ever initiated—let alone exhausted—his administrative remedies regarding the conduct of Officers Wilber and Harris in relation to Plaintiff's injury.

Plaintiff contends that he was excused from exhausting his administrative remedies as to Claim 1 because upon reporting his injury to Oregon Department of Corrections ("ODOC"), Plaintiff was instructed by ODOC employees to submit an inmate communication form regarding the matter. Plaintiff seems to contend that the ODOC's failure to instruct him to file a formal grievance rather than an inmate communication form rendered his administrative remedies effectively unavailable. I disagree. The instruction to file an inmate communication form was proper. Indeed, it was the necessary first step to exhausting Plaintiff's administrative remedies. *See* Or. Admin. R. 291-109-0140 (stating that the formal grievance procedure is

---

[1] Plaintiff asserts all of his claims under 42 U.S.C. § 1983. *See* Second Am. Compl. 2 (#87); *see also* Proposed Am. Compl. 2, 13 (#37-1) (alleging negligence and 8th Amendment violations in Claim 1). However, negligence is not actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 n. 4, (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990); *Sheppard v. Jacquez*, No. C 09-02820 JW (PR), 2009 WL 3400900, at *1 (N.D. Cal. Oct. 19, 2009). "The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment . . . ." *Sheppard*, 2009 WL 3400900, at *1. I therefore construe Claim 1 as an Eighth Amendment Claim. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (citation omitted) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

OPINION AND ORDER PAGE | 2

available only after an inmate is "unable to resolve an issue through informal communications"). Thus, the ODOC's instruction to file an inmate communication form actually helped Plaintiff navigate the ODOC grievance process; it did not render his administrative remedies effectively unavailable.

Plaintiff next argues that he was excused from exhausting his administrative remedies as to Claim 1 because ODOC employees and inmates inaccurately informed Plaintiff that he had properly filed a formal grievance form, identified as DCRM 2014-05-001. However, DCRM 2014-05-001 did not pertain to Officer Wilber, Officer Harris, or the events leading to Plaintiff's injury. *See* Geils Decl. Ex. 4, at 2 (#61). Rather, the grievance merely alleged that Officer Smith ignored Plaintiff's medical complaints and threatened to retaliate against Plaintiff. *See id.* Thus, any purported misrepresentations concerning the propriety of DCRM 2014-05-001 are immaterial.

Plaintiff further argues that Officer Smith's threats of retaliation excused him from exhausting his administrative remedies regarding Claim 1. I disagree. On or around April 27, 2014, Officer Smith purportedly threatened to transfer Plaintiff to another prison if Plaintiff continued to complain about his injury. *See* Geils Decl. Ex. 4, at 2 (#61); Pohlman Decl. ¶ 5 (#96). Plaintiff further alleges that Defendants carried out the retaliatory transfer by moving him to Snake River Correctional Institution on August 12, 2014. *See* Geils Decl. Ex. 7, at 2-3 (#61); Pohlman Decl. ¶ 28 (#69). According to Plaintiff, Officer Smith's threats of retaliation rendered his administrative remedies effectively unavailable. In support, Plaintiff cites *Nunez v. Duncan*, 591 F.3d 1217 (9th Cir. 2010) and *Sapp v. Kimbrell*, 623 F.3d 813 (9th Cir. 2010). Both cases are inapposite.

*Nunez* and *Sapp* stand for the proposition that exhaustion is not required where prison officials have prevented a plaintiff from utilizing prison grievance procedures such that the plaintiff's administrative remedies were effectively unavailable. *See Nunez*, 591 F.3d at 1224-26; *Sapp*, 623 at 822-23. However, that is not the case here. Officer Smith's alleged threats did not dissuade or otherwise prevent Plaintiff from using the prison grievance process. *See Sapp*, 623 at 823 (holding that the exception is applicable where a prison official thwarts the plaintiff's attempts to exhaust his administrative remedies). Plaintiff continued to extensively grieve his complaints after Officer Smith's purported threats and even after the purported retaliatory transfer. *See generally* Geils Decl. Ex. 4, at 2 (#61). Simply put, Officer Smith's purported threats did not erect a barrier to Plaintiff's ability to exhaust his administrative remedies.

Plaintiff additionally argues that he was excused from exhausting his administrative remedies regarding Claim 1 because he did not initially understand the severity of his injury. Again, Plaintiff's argument is misplaced. Even after Plaintiff undisputedly became aware of the full extent of his injury, there is no evidence that he never initiated, let alone exhausted, a grievance regarding the conduct of Officers Wilber or Harris. Moreover, Plaintiff's grievance in Claim 1 pertains to the conduct of the officers in allowing Plaintiff to become injured, not the severity of his injury. Plaintiff further contends Federal Rule of Civil Procedure 60 excused him from exhausting his administrative remedies in light of his limited knowledge about the extent of his injury. However, that rule pertains to relief from judgments and is inapplicable to exhaustion of administrative remedies. *See id.*

In sum, Plaintiff has failed to show that he exhausted his administrative remedies with respect to Claim 1 of his Proposed Amended Complaint. Plaintiff has also failed to show that he

was excused from exhausting his administrative remedies. Thus, Claim 1 must be dismissed. *See* 42 U.S.C. § 1997e(a); *see also* 28 U.S.C. § 1915(e)(2).

## CONCLUSION

For the reasons provided above, Claim 1 is DISMISSED. That claim has already been stricken from the operative pleading, Plaintiff's Second Amended Complaint (#87). Plaintiff therefore is not required to file an additional amended or supplemental complaint. Rather, this case will proceed on Plaintiff's Second Amended Complaint (#87). Additionally, Plaintiff's alternative request for the court to certify for appeal its grant of partial summary judgment is DENIED. *See* Plf.'s Resp. 5-7 (#94).

The stay as to Plaintiff's Motions to Compel (#38), (#56), (#57), (#63), (#64); Plaintiff's Motions to Add Supplemental Parties and Motions for Joinder (#52), (#53); Plaintiff's Motions for Summary Judgment (#39), (#40), (#41); and Plaintiff's Motion for Appointment of Counsel (#88) is lifted. Those motions are fully briefed and under advisement. The stay as to Plaintiff's Motion for a Preliminary Injunction (#89) is also lifted. Defendants' response to that motion and Defendants' responses to Plaintiff's other Motions for Injunctive Relief (#98, #100) are due on January 15, 2016. Plaintiff's replies to Defendants' response are due on February 2, 2016. Plaintiff's Motions for Injunctive Relief (#89, #98, #100) will go under advisement on February 3, 2016. Defendants' Motion for Extension of Time to Respond to Plaintiff's Emergency Motion for Injunctive Relief (#99) is denied as moot. Plaintiff is prohibited from filing any additional motions without first obtaining permission from the court.

//

//

//

Finally, the stay of the deadline for Defendants to file an answer to Plaintiff's Second Amended Complaint (#87) is also lifted. Defendants' answer is due on January 29, 2016.

Dated this 29th Day of December, 2015.

/s/ *Paul Papak*
Honorable Paul Papak
United States Magistrate Judge