IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARLIN BRANDT POHLMAN,

        Plaintiff,

v.                                                                    3:14-cv-1483-PK

DR. CHRISTOPHER DIGULIO, DR.                   OPINION AND ORDER
DANIELLE FUZI, OFFICER JOHN SMITH,
NURSE CARTER, NURSE K.
RICHARDSON, NURSE LANDAVERDE,
NURSE CLEMENTS, JOE CAPPS, MARK
NOOTH, and STATE OF OREGON

        Defendants.

_____

PAPAK, Magistrate Judge:

Plaintiff Marlin Brandt Pohlman filed this *pro se* action *in forma pauperis* on September 17, 2014. Now before the court is Plaintiff's Motion for Appointment of Counsel (#88). For the reasons set forth below, Plaintiff's motion is denied.

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her

OPINION AND ORDER PAGE | 1

claim *pro se* in light of the complexity of the legal issues involved.  *Wood,* 900 F.2d at 1335-36;

*Wilborn,* 789 F.2d at 1331; *Richards v. Harper,* 864 F.2d 85, 87 (9th Cir. 1988) (quoting

*Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)).  However, "[n]either of these factors is

dispositive and both must be viewed together before reaching a decision on request of counsel

under [former] section 1915(d)."  *Wilborn,* 789 F.2d at 1331; *Terrell v. Brewer,* 935 F.2d 1015,

1017 (9th Cir. 1991).

     Plaintiff has demonstrated sufficient ability to articulate his claims.  The facts and legal

issues involved are not of substantial complexity.  Accordingly, at this stage of the proceeding,

there are no exceptional circumstances that require the appointment of counsel under § 1915(e).

## CONCLUSION

     Based on the foregoing, Plaintiff's Motion for Appointment of Counsel (#88) is DENIED.


Dated this 20th Day of January, 2016.

/s/ Paul Papak

Honorable Paul Papak
United States Magistrate Judge