IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARLIN BRANDT POHLMAN,

    Plaintiff,

v.

DR. CHRISTOPHER DIGULIO, DR. DANIELLE FUZI, OFFICER JOHN SMITH, NURSE CARTER, NURSE K. RICHARDSON, NURSE LANDAVERDE, NURSE CLEMENTS, JOE CAPPS, MARK NOOTH, and STATE OF OREGON

    Defendants.

3:14-cv-1483-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

Plaintiff Marlin Brandt Pohlman filed this *pro se* action *in forma pauperis* on September 17, 2014. Now before the court are Plaintiff's Motions to Compel Discovery (#38, #56, # 57, #63, #64) ("Plaintiff's Motions to Compel"). Those motions pertain to several interrogatories and requests for production propounded by Plaintiff ("discovery requests"). For the reasons provided below, Plaintiff's Motions to Compel are denied.

## DISCUSSION

Plaintiff's discovery requests suffer from three fatal flaws. First, Plaintiff improperly directed his discovery requests at nonparties. *See, e.g.*, Mot. to Compel (#56). Plaintiff's interrogatories and requests for production must be directed at other parties only. Fed. R. Civ. P. 33(a)(1), 34(a). Second, Plaintiff failed to serve his requests for production on Defendants prior to filing his Motions to Compel. *See* Hallman Decl. ¶ 2 (#86). Rather, as with his

interrogatories, Plaintiff improperly filed his requests for production with this court. *See* Interrogatories (#36); Request for Production (#63). I have previously advised Plaintiff that he is not permitted to file discovery requests with the court. *See* Order (#35); *see also* LR 33-1(a) ("Unless directed by the Court, interrogatories, objections, and answers will not be filed with the Court."); LR 34-1(a) ("Unless directed by the Court, requests for production will not be filed with the Court."); Fed. R. Civ. P. 5(d). Plaintiff must serve his discovery requests upon the parties to whom they are directed. Fed. R. Civ. P. 5(a)(1)(C), 33(a)(1), 34(a)(1). Finally, Plaintiff's discovery requests are overly broad. Since Plaintiff initially propounded his discovery requests, many of his claims have been eliminated or substantially narrowed through dispositive motions. *See* Opinion and Order (#72); Opinion and Order (#101). Consequently, many of Plaintiff's discovery requests are beyond the permissible scope of discovery, as they are not reasonably calculated to lead to admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

## CONCLUSION

For the reasons provided above, Plaintiff's Motions to Compel (#38, #56, # 57, #63, #64) are denied.[1] Plaintiff is granted leave to reissue the above-cited discovery requests in compliance with this order. Specifically, Plaintiff must direct his discovery requests at Defendants only. Additionally, Plaintiff must serve his discovery requests upon Defendants pursuant to Federal Rule of Civil Procedure 5.

/ /

/ /

---

[1] Docket number 64 also contains a request for appointment of counsel and a request for an extension of the discovery deadline. Plaintiff's request for appointment of counsel is denied for the reasons set forth in the court's prior orders. *See* Opinion and Order (#106); Order (#10). Plaintiff's request for an extension of the discovery deadline is denied as moot, as that deadline has already been extended.

OPINION AND ORDER PAGE | 2

Finally, Plaintiff must narrow his discovery requests to seek only information that is relevant to his remaining claims.

Dated this 20th Day of January, 2016.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

OPINION AND ORDER PAGE | 3