IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARLIN BRANDT POHLMAN,

    Plaintiff,

v.

DR. CHRISTOPHER DIGULIO, DR.
DANIELLE FUZI, OFFICER JOHN SMITH,
NURSE CARTER, NURSE K.
RICHARDSON, NURSE LANDAVERDE,
NURSE CLEMENTS, JOE CAPPS, MARK
NOOTH, and STATE OF OREGON

    Defendants.

3:14-cv-1483-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    Plaintiff Marlin Brandt Pohlman filed this *pro se* action *in forma pauperis* on September 17, 2014. Now before the court are Plaintiff's Motion for Summary Judgment (#39), Plaintiff's First Motion for Partial Summary Judgment (#40), and Plaintiff's Second Motion for Partial Summary Judgment (#41) (collectively, "Plaintiff's Motions"). For the reasons provided below, Plaintiff's Motions are denied.

## LEGAL STANDARD

    Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party taking the position that a material fact either "cannot be or is genuinely disputed" must support that position either by citation to specific evidence of record "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or

other materials," by showing that the evidence of record does not establish either the presence or absence of such a dispute, or by showing that an opposing party is unable to produce sufficient admissible evidence to establish the presence or absence of such a dispute. Fed. R. Civ. P. 56(c). The substantive law governing a claim or defense determines whether a fact is material. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).

Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000); *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990).

## DISCUSSION

### I. Plaintiff's Motion for Summary Judgment

Plaintiff's Motion for Summary Judgment (#39) is denied. Plaintiff posits the following four arguments in support of that motion: (1) Defendants failed to comply with the discovery deadline set by the court, (2) Defendants failed to respond to Plaintiff's discovery requests, (3) Plaintiff exhausted his administrative remedies in satisfaction of the Prison Litigation Reform Act ("PLRA"), and (4) Defendants' second and third affirmative defenses are inapplicable. None of those arguments entitle Plaintiff to summary judgment.

Defendants have not failed to comply with the discovery deadline set by the court. The court initially ordered that discovery be completed by March 2, 2015. *See* Scheduling Order (#27). However, on February 27, 2015, the court extended the discovery deadline to May 15,

2015. *See* Order (#48). Then, on May 7, 2015, Defendants moved the court for an order staying the discovery deadline pending resolution of their Motion for Summary Judgment. *See* Mot. for Stay (#59).[1] The court granted Defendants' Motion and stayed the discovery deadline. *See* Order (#65). The court lifted the stay on August 4, 2015. *See* Order (#72). However, on September 14, 2015, Plaintiff filed a Second Amended Complaint (#87), joining additional claims and defendants. Moreover, on January 20, 2016, this court issued an Opinion and Order (#108) granting in part and denying in part Plaintiff's Motion to Amend (#52, #53) and giving Plaintiff 30 days to file another Amended Complaint joining an additional defendant on his sixth claim for relief. Thus, because Plaintiff has continued to amend his pleading, discovery in this matter is ongoing. As explained in the court's January 20, 2016 Opinion and Order, the applicable discovery deadline in this case is currently set for June 9, 2016.

Nor have Defendants improperly failed to respond to Plaintiff's discovery requests. As explained in a prior Opinion and Order (#109), Plaintiff's discovery requests were procedurally and substantively deficient. Thus, Defendants' failure to respond to those requests does not entitle Plaintiff to summary judgment.

Finally, summary judgment is not warranted on the basis of Plaintiff's purported satisfaction of the PLRA's exhaustion requirement or the purported inapplicability of Defendants' second and third affirmative defenses. It is Plaintiff's burden to establish that there are no genuine issues of material fact on the elements of his claims. *See* Fed. R. Civ. P. 56(a). Plaintiff has not offered any evidence in support of his Motion for Summary Judgment. Therefore, Plaintiff has failed to carry his burden under Rule 56. *See* Fed. R. Civ. P. 56(a). Thus, even accepting as true Plaintiff's contentions regarding exhaustion and the inapplicability of

---

[1] On May 14, 2015, Plaintiff also moved the court for an order extending the discovery deadline. *See* Mot. for Extension of Time (#64).

OPINION AND ORDER—PAGE 3

Defendants' second and third affirmative defenses, Plaintiff is not entitled to summary judgment. Plaintiff's Motion for Summary Judgment is therefore denied.

## II. Plaintiff's Motions for Partial Summary Judgment

Plaintiff's First Motion for Partial Summary Judgment (#40) and Plaintiff's Second Motion for Partial Summary Judgment (#41) are also denied. Through his First and Second Motions for Partial Summary Judgment, respectively, Plaintiff moves for summary judgment on his sixth and first claim for relief. As in initial matter, I note that this court has already dismissed Plaintiff's first claim for relief. *See* Opinion and Order (#101). Therefore, Plaintiff's Second Motion for Partial Summary Judgment is moot. Moreover, Plaintiff has failed to offer any evidence in support of either Motion for Partial Summary Judgment. Thus, Plaintiff has failed to carry his burden under Rule 56. Consequently, Plaintiff's First Motion for Partial Summary Judgment and Plaintiff's Second Motion for Partial Summary Judgment are denied.

## CONCLUSION

For the reasons provided above, Plaintiff's Motion for Summary Judgment (#39) is denied. Additionally, Plaintiff's First Motion for Partial Summary Judgment (#40) and Plaintiff's Second Motion for Partial Summary Judgment (#41) are also denied.

Dated this 22nd Day of January, 2016.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

OPINION AND ORDER—PAGE 4