IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARLIN BRANDT POHLMAN,

    Plaintiff,

v.

DR. CHRISTOPHER DIGULIO, DR.
DANIELLE FUZI, OFFICER JOHN SMITH,
NURSE CARTER, NURSE K.
RICHARDSON, NURSE LANDAVERDE,
NURSE CLEMENTS, JOE CAPPS, MARK
NOOTH, and STATE OF OREGON

    Defendants.

3:14-cv-1483-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    Plaintiff Marlin Brandt Pohlman initiated this *pro se* action *in forma pauperis*, alleging Defendants violated his civil rights while he was in the custody of the Oregon Department of Corrections. Now before the court are Pohlman's Motions for Injunctive Relief (#89, #98, #100). Pohlman moves for a preliminary injunction directing Defendants to: (1) provide medical accommodations to Pohlman; (2) provide Pohlman increased access to prison legal resources; (3) house Pohlman in Deer Ridge Correctional Institution's (DRCI) addiction pre-treatment dormitory; and (4) return all money confiscated from Pohlman's inmate trust account and cease making charges to the account. For the reasons provided below, Pohlman's Motions for Injunctive Relief are denied.

## LEGAL STANDARD

    A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*,

OPINION AND ORDER—PAGE 1

555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 7, 20. The plaintiff "must establish that irreparable harm is *likely*, not just possible . . . ." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter*, 555 U.S. at 21-22). However, the court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* Thus, a plaintiff may obtain a preliminary injunction by showing greater irreparable harm as the probability of success on the merits decreases. *Id., cited in, KEE Action Sports, LLC v. Shyang Huei Indus. Co.*, No. 3:14-CV-00071-HZ, 2014 WL 5780812, at *3 (D. Or. Nov. 5, 2014). Similarly, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotation marks omitted).

## DISCUSSION

Pohlman is not entitled to a preliminary injunction directing Defendants to provide medical accommodations or increased access to prison legal resources. Pohlman seeks the following medical accommodations: a sedentary work restriction, a bottom tier bunk assignment, and a permanent transfer to DRCI. He also seeks increased access to the following prison legal resources: the prison law library, photocopying services, postage, and a flash drive. Importantly, Pohlman previously filed a motion for injunctive relief requesting identical medical accommodations and increased access to prison legal resources, including the law library and

"correspondence." *See* Mot. for TRO 1-2 (#3-1). Judge Anna Brown denied the motion, finding that Pohlman failed to demonstrate a likelihood of success on the merits. *See* Order 3 (#14). I agree with Judge Brown's reasoning and adopt it as my own.

Moreover, since Judge Brown's denial of Pohlman's prior motion for injunctive relief, Pohlman has successfully filed countless motions and other documents with the court (many of which were procedurally and substantively improper). In fact, Pohlman's filings grew so numerous that I was forced to enter an Order (#101) prohibiting him from filing additional motions without first obtaining the court's permission. Thus, Pohlman's own conduct in litigating this case belies his contention that the current limitations on his access to prison legal resources hinder his ability to pursue this case such that he is likely to suffer irreparable injury.

Nor is Pohlman entitled to a preliminary injunction directing Defendants to house him in DRCI's addiction pre-treatment dormitory or take any action with respect to his inmate trust account. Those requests are not related to any of Pohlman's claims for relief. Consequently, Pohlman has failed to demonstrate a likelihood of success on the merits or serious questions going to the merits. *See Voth v. Premo*, No. 6:14-CV-00128-KI, 2014 WL 357122, at *4 (D. Or. Jan. 31, 2014) ("Plaintiff's motions [for injunctive relief] are denied because . . . the requested injunctive relief is not related to any of the claims for relief which survive screening and, therefore, plaintiff has failed to demonstrate a likelihood of success, or that there are serious questions going to the merits . . . .").

//

//

//

//

OPINION AND ORDER—PAGE 3

## CONCLUSION

For the reasons provided above, Pohlman's Motions for Injunctive Relief (#89, #98, #100) are denied.

Dated this ~~22nd~~ 24th Day of March, 2016.

/s/ _____
Honorable Paul Papak
United States Magistrate Judge

OPINION AND ORDER—PAGE 4